IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GUSTAVO CASTRO, JR., )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 06-0486-CV-W-ODS<br>Crim. No. 04-00339-01-CR-W-ODS |

## ORDER AND OPINION DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion (Doc. # 1) is denied.

Pursuant to a plea agreement, Movant plead guilty to one count of possessing methamphetamine with the intent to distribute. On June 2, 2005, Movant was sentenced to 135 months imprisonment; the Judgment and Commitment Order was filed on June 13, 2005. In calculating the sentencing range recommended by the Sentencing Guidelines, the Court found Movant possessed a firearm in connection with the offense and added two levels to the Offense Level. Movant did not appeal his sentence, but timely filed this request for relief pursuant to 28 U.S.C. § 2255 on June 14, 2006.

Movant contends his attorney provided ineffective assistance of counsel when she failed to object to (1) the two-point firearm enhancement because the disputed facts were not admitted by him or found by a jury to exist beyond a reasonable doubt, (2) the application of the enhancement in light of the facts of the case, and (3) the Court's finding that it was not clearly improbable the firearm was connected to the drug offense. The Government contends Movant waived the right to raise this issue and, alternatively, Movant's claims lack merit. The Court agrees with the Government on both counts.

Paragraph 9 of the Plea Agreement declares Defendant "expressly waives the right to appeal his sentence, directly or collaterally, on any ground except a sentence in

excess of the statutory maximum." Movant is attempting to collaterally attack his sentence by challenging his attorney's conduct during sentencing – but this is the very type of challenge he agreed not to raise.

Even if Defendant had not waived his right to raise these claims, they would fail on the merits. The Record conclusively establishes Movant's counsel filed a written challenge to the Presentence Investigation Report and raised the issue at the sentencing hearing. In other words, counsel raised the very objections Movant contends she should have raised.

With respect to the degree of proof required, the Court observes Paragraph 11 of the Plea Agreement declares Movant "consents to judicial fact-finding by a preponderance of the evidence of all matters pertaining to determination of [his] sentence under the United States Sentencing Guidelines and waives any right [he] may have to a jury determination of all facts used to determine and enhance the sentence imposed." This provision was undoubtedly included to remove uncertainty about sentencing procedures in light of *United States v. Booker*, 543 U.S. 220 (2005), which was decided approximately one month before the Plea Agreement. Movant cannot complain about receiving the very process he bargained for. Moreover, *Booker* does not require the facts utilized in calculating the guideline range to be found by a jury or proved beyond a reasonable doubt; the constitutional infirmities were resolved by declaring the guidelines were not mandatory. The Court acknowledged this fact and applied the sentencing factors in 18 U.S.C. § 3553 as required by *Booker* and subsequent decisions.

Movant waived the right to raise these claims, which lack merit in any event. His request for relief is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: September 8, 2006     UNITED STATES DISTRICT COURT

2

Case 4:06-cv-00486-ODS   Document 9   Filed 09/08/06   Page 2 of 2